UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NANCY MELENDEZ,              :   **CIVIL NO. 1:07-CV-1491**

                            :

          Plaintiff        :   (Judge Conner)

                            :

                            :   (Magistrate Judge Smyser)

        v.                :

                            :

PLANNED PARENTHOOD OF    :

CENTRAL PENNSYLVANIA,    :

                            :

          Defendant       :


## REPORT AND RECOMMENDATION


The plaintiff commenced this employment discrimination action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania on February 27, 2007.  The defendant filed an answer to the complaint on June 14, 2007.  The case was subsequently transferred to this court.


By an order dated September 13, 2007, the motion of Steven T. Stern, Esquire to withdraw as plaintiff's counsel was granted.  The plaintiff is proceeding *pro se.*


The discovery period established by the case management order of September 13, 2007 has ended.

On May 16, 2008, the defendant filed a motion for summary judgment, a statement of undisputed facts, a brief and documents in support of that motion.  The plaintiff did not file a brief in opposition to the motion for summary judgment as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated June 16, 2008, the plaintiff was ordered to file a brief in opposition to the defendant's motion for summary judgment, a response to the defendant's statement of undisputed facts and any summary judgment evidence in opposition to the motion on or before July 1, 2008.  The Order of June 16th warned the plaintiff that if she failed to file a brief in opposition, it may be recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The Order of June 16th was sent to the plaintiff at the address on file in the Clerk's Office for the plaintiff.  The copy of the Order of June 16th sent to the plaintiff was returned with the following notation on the envelope:

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD

*Doc. 19.*

2

The plaintiff did not file a brief in opposition to the defendant's motion for summary judgment as ordered.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  The plaintiff failed to prosecute this action and failed to obey the court's Order of June 16, 2008, and Local Rule 7.6, which requires the filing of an opposition brief.

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

3

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion for summary judgment.  The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).  The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.

By a Report and Recommendation dated July 18, 2008, we concluded that the plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis* and that the

4

plaintiff's failure to file a brief in opposition to the defendant's motion for summary judgment and failure to keep the court informed of her address indicates that the plaintiff has abandoned this lawsuit.  Based on the foregoing, we recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b).

A copy of the July 18th Report and Recommendation sent to the plaintiff was returned to the Court as undeliverable.

Defense counsel notified the Court that the Court had been provided an incorrect address for the plaintiff in the initial filings made by the plaintiff's previous counsel, and defense counsel provided a corrected address for the plaintiff. Based on defense counsel's notification, by an Order dated July 31, 2008, we vacated the July 18th Report and Recommendation, directed the Clerk of Court to update the docket to reflect the plaintiff's correct address, and ordered the plaintiff to file a brief in opposition to the defendant's motion for summary judgment, a response to the defendant's statement of undisputed facts and any summary judgment evidence in opposition to the motion on or before August 22, 2008.  The Order of July 31st warned the plaintiff that if she failed to file a brief in opposition, it may be recommended that this action be dismissed

5

pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The copy of the Order of July 31st that was sent to the plaintiff has not been returned to the Court.  Nevertheless, the plaintiff still has not filed a response to the defendant's motion for summary judgment.

The plaintiff's failure to file a response to the defendant's motion for summary judgment, indicates that she has abandoned this case.  Accordingly, we recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b).

*/s/ J. Andrew Smyser*
_____
J. Andrew Smyser
Magistrate Judge

Dated:  September 9, 2008.

6