# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY MELENDEZ**, | : | CIVIL ACTION NO. 1:07-CV-1491 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PLANNED PARENTHOOD OF** | : | |
| **CENTRAL PENNSYLVANIA**, | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 23rd day of December, 2008, upon consideration of the report of the magistrate judge (Doc. 23), recommending that *pro se* plaintiff's complaint (Doc. 23) be dismissed for failure to prosecute, to which no objections were filed, and following an independent review of the record, it appearing that plaintiff has repeatedly failed to file a brief opposing defendant's motion for summary judgment[1] (Doc. 15), despite the court's explanation that failure to do so would result in

---

[1] Defendant filed its motion for summary judgment (Doc. 15) on May 16, 2008. Plaintiff failed to file a brief in opposition, which is required under Rule 7.6. See L.R. 7.6 ("Any respondent who fails to [file a responsive brief] shall be deemed not to oppose such motion."). The court then extended the time within which plaintiff could oppose defendant's motion, and ordered plaintiff to comply with Rule 7.6 (Doc. 18). Plaintiff failed to comply with the court's order. On July 18, 2008, the magistrate judge recommended the dismissal of plaintiff's complaint, (Doc. 20), but vacated its recommendation after defendant notified the court that plaintiff's mailing address had changed, (see Doc. 22.) The court issued another order (Doc. 22) directing plaintiff to oppose defendant's motion for summary judgment, which plaintiff ignored. The magistrate judge then recommended that plaintiff's complaint be dismissed because her actions "indicate[] that she has abandoned this case." (Doc. 23.)

dismissal, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (explaining that Rule 41(b) of the Federal Rules of Civil Procedure "permits a District Court to dismiss a plaintiff's case for failure to prosecute" *sua sponte*); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it further appearing that by the order of court (Doc. 24) dated December 5, 2008, plaintiff was commanded to show cause why the above-captioned matter should not be dismissed for failure to prosecute, and that as of the date of this order, plaintiff has taken no action to show cause, and the court concluding that plaintiff was repeatedly advised of the necessity of complying with the court's orders and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's responsibility" as a factor for the court's consideration), that plaintiff's conduct has prejudiced defendants by requiring them to assume the cost of continued pretrial and trial preparation and rendered it more difficult for defendants to produce viable evidence and witness testimony in the future, see id. (identifying "[p]rejudice to the adversary" as a factor); see also Briscoe, 538 F.3d at 259 (explaining that "prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party" (quoting Adams v. Trs. of N.J. Brewery Employees' Pension

2

Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)), that plaintiff's failure to respond to multiple court orders is both emblematic of extreme dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as a factor), and constitutes a willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that assessment of fines or costs against plaintiff would be ineffective to compel plaintiff's compliance, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and that although plaintiff's claims may prove meritorious, it is difficult for the court to reach such a determination absent a more thorough summary judgment briefing, which renders this factor neutral,[2] see id. at 689-70 (identifying "[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 23) is ADOPTED.

2. The claims against defendant are DISMISSED with prejudice for failure to prosecute. See FED. R. CIV. P. 41(b).

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The court notes that "no single Poulis factor is dispositive," and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Briscoe, 538 F.3d at 263 (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) and Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).